NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30338

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MCCULLY ASSOCIATES, a registered Hawaii limited partnership
Plaintiff-Appellee,

v.

BEATRICE YE MARN, et al., Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0565)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Upon review of Defendant-Appellant Alexander Y. Marn's (Appellant Marn) appeal from the Honorable Rhonda A. Nishimura's January 14, 2010 judgment, it appears that we lack jurisdiction over Appellant Marn's appeal because the January 14, 2010 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced

to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

Although this case involves multiple parties and multiple claims, the January 14, 2010 judgment does not specifically identify the claims on which judgment is entered. For example, although Plaintiff-Appellee McCully Associates' complaint asserted three distinct and separate counts, the January 14, 2010 judgment does not specifically identify which of the three counts, if any, the circuit court intends to enter judgment on. Instead, the January 14, 2010 judgment lists numerous previous orders and then vaguely declares "that Final Judgment is hereby entered as to the above-referenced Orders." Consequently, the January 14, 2010 judgment does not satisfy the

-2-

requirements for an appealable judgment under HRCP Rule 58 and the holding in <u>Jenkins</u>. Absent the entry of an appealable final judgment, we lack appellate jurisdiction in Appeal No. 30338. Accordingly,

IT IS HEREBY ORDERED this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2010.


Chief Judge


Associate Judge


Associate Judge